UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:11-CR-129-1 |
| | ) | | (VARLAN/SHIRLEY) |
| CHARLES CHAD BOZEMAN III, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

This criminal action is before the Court on defendant Charles Bozeman III's Appeal
of Memorandum and Order of the magistrate judge [Doc. 152]. The government filed a
response in opposition [Doc. 152]. No reply was filed, and the time for doing so has passed.
*See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons explained herein, the Court will affirm the
rulings of the magistrate judge.

## I.    Background

The defendant is charged, along with twelve named codefendants and "others," with
conspiring to distribute and to possess with intent to distribute oxycodone in the Eastern
District of Tennessee and "elsewhere" from November 2010 through June 2011 [Doc. 54].
The defendant filed a motion for a pretrial ruling on lesser-included offenses [Doc. 89] as
well as a motion to sever his case from his twelve codefendants' cases [Doc. 90]. The
matters were referred to Magistrate Judge Shirley for disposition or report and
recommendation, as appropriate. Magistrate Judge Shirley denied in part and deferred in part

the defendant's motion for a pretrial ruling on lesser-included offenses and denied the defendant's motion to sever.

## II.    Standard of Review for Appeal

Section 636(b)(1)(A) of Title 28 of the United States Code allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). A district judge may reconsider any pretrial matter determined under " subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

## III.    Analysis

Regarding the motion for a pretrial ruling on lesser-included offenses, the defendant argued that four offenses should be charged as lesser-included offenses of conspiracy to distribute or possess with intent to distribute oxycodone: (1) intentionally acquiring "a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge," 21 U.S.C. § 843(a)(3); (2) simple possession of a controlled substance, 21 U.S.C. § 844; (3) conspiracy to acquire a controlled substance by fraud; and (4) conspiracy to possess a controlled substance. He asserted that knowing whether these offenses may be charged as lesser-included offenses would be important to his decision of whether to proceed to trial or to enter into a plea agreement.

Magistrate Judge Shirley identified that "[a] criminal defendant is entitled to an instruction on a lesser-included-offense if: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) the evidence

2

would support a conviction on the lesser offense; and (4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that a jury could consistently acquit on the greater offense and convict on the lesser" [Doc. 146 (quoting *United States v. Colon*, 268 F.3d 367, 373 (6th Cir. 2001)]. "Where, however, the lesser offense requires an element not required for the greater offense, no instruction is to be given" [*Id*. (citation omitted)]. Applying this test, he determined that three of the four proposed lesser-included offenses—acquiring a controlled substance by fraud, conspiracy to acquire a controlled substance by fraud, and simple possession—are not lesser-included offenses of conspiracy to distribute or possess with intent to distribute a controlled substance [*Id*.].

To establish a drug conspiracy, the magistrate judge noted that "the government must prove (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy" [*Id*. (citation omitted)]. To prove simple possession, he found, the government must demonstrate that the defendant knowingly or intentionally possessed a controlled substance [*Id*. (citation omitted)]. Magistrate Judge Shirley noted that the Sixth Circuit has found simple possession of a controlled substance requires an element not necessary for conspiracy, that is, "possession," and thus simple possession of a controlled substance is not a lesser-included offense of conspiracy to distribute and possess with intent to distribute a controlled substance [*Id*. (citation omitted)]. Likewise, because intentionally acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge in violation of 21 U.S.C. § 843(a)(3) requires possession, he found it too is not a lesser-included offense of conspiracy to distribute or possess with intent to distribute a

controlled substance [*Id.*]. And because conspiracy to acquire a controlled substance by fraud requires the additional element of misrepresentation, fraud, forgery, deception, or subterfuge, the magistrate judge found it also is not an lesser-included offense of conspiracy to distribute or possess with intent to distribute a controlled substance [*Id.*].

The magistrate judge, however, found the question of whether conspiracy to possess a controlled substance is a lesser-included offense of conspiracy to distribute or possess with intent to distribute a controlled substance premature and should be determined by the undersigned at trial [*Id.*]. He based this finding on the fact that the parties had not stipulated to the facts, and while the defendant offered to provide one of the prescriptions in question so the Court could make a determination of whether a jury instruction on the lesser-included offense would be appropriate, he said "the full compliment of the proof [could not] be divined from the Court's examination of a single, allegedly forged prescription" [*Id.*].

The defendant appeals the magistrate judge's finding that conspiracy to obtain prescriptions by fraud is not a lesser-included offense of the charged offense, conspiracy to distribute and possess with intent to distribute oxycodone, "for the reasons particularly set out in his Reply to the government's response to this motion" [Doc. 152]. He also appeals the "finding that the remaining issues should be deferred" because "[t]he facts of the case are essentially undisputed in that the government's case is based on obtaining prescriptions by fraud" [*Id.*]. He says the only disputed element is "whether there was intent to distribute on [the defendant's] part" [*Id.*]. The government contends the defendant's appeal "adds nothing

new to the briefs previously filed in this matter" and that the magistrate judge's memorandum and order "addresses and answers every point raised by the defendant" [Doc. 153].

Before the magistrate judge, the defendant asserted that there was little in dispute about the facts of this case, which is about allegedly forged prescriptions for oxycodone. He offered the Court one of the prescriptions in question so that the Court could determine whether a jury instruction on the lesser-included offense would be appropriate. The government asserted that whether conspiracy to possess a controlled substance is a lesser-included offense of conspiracy to distribute or possess with intent to distribute a controlled substance could not be determined outside the context of the presentation of the evidence at trial and that the defendant not only forged prescriptions in order to obtain oxycodone, but engaged in the conspiracy in other ways as well. As noted, in deferring the issue, the magistrate judge found that the parties had "not stipulated to the facts and that the full compliment of the proof [could] not be divined from the Court's examination of a single, allegedly forged prescription" [Doc. 146].

On appeal, the defendant in no way attempts to demonstrate that the magistrate judge's finding regarding whether conspiracy to acquire a controlled substance by fraud is a lesser-included offense of conspiracy to distribute or possess with intent to distribute a controlled substance is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); indeed, defendant relies solely upon his reply brief in support. The magistrate judge, however, thoroughly addressed the defendant's previous arguments. Regarding the magistrate judge's finding that whether conspiracy to possess a controlled substance is a

5

lesser-included offense of conspiracy to distribute or possess with intent to distribute a controlled substance should be determined by the undersigned at trial, the defendant, likewise, merely reasserts the positions he asserted before Magistrate Judge Shirley. Moreover, the defendant himself acknowledges that there is a disputed fact, that is, "whether there was intent to distribute" by the defendant, and he agreed before Magistrate Judge Shirley that "inquiry into whether an offense is a lesser included charge is bound to the facts of the case . . . ." [Doc. 146]. Thus, the Court finds it appropriate to affirm the rulings of Magistrate Judge Shirley pertaining to whether conspiracy to obtain a controlled substance by fraud and conspiracy to posses a controlled substance are lesser-included offenses of conspiracy to distribute or possess with intent to distribute a controlled substance.

Regarding the defendant's motion to sever, the defendant argued that a separate trial was necessary for four reasons: (1) because the statements of codefendants may cause *Bruton* problems; (2) because of the possibility of inconsistent defenses given the number of defendants in the case; (3) because the defendant may want to call a codefendant to testify at trial; and (4) because the defendant's speedy trial rights may be violated by being joined to codefendants who are seeking extensions of deadlines and/or trial continuances. After finding the defendants in this case were properly joined pursuant to Rule 8 of the Federal Rules of Criminal Procedure, the magistrate judge determined none of the reasons warranted severance. The defendant appeals only the magistrate judge's findings with respect to his assertion that his speedy trial rights may be violated by being joined with codefendants who are seeking extensions of deadlines and/or trial continuances [Doc. 152].

6

While recognizing that the Court had continued the trial of the case from December 19, 2011, to July 17, 2012, at the request of the defendant's codefendants and over the defendant's objection, Magistrate Judge Shirley found the defendant's argument did not warrant a severance because the case remained on track to proceed to trial on July 17, 2012 [Doc. 146]. He also noted that, pursuant to the Speedy Trial Act, he previously found that the such continuance was necessary to permit defendants who had more recently entered the case to complete their review of discovery, file pretrial motions, and generally prepare for trial, and because it allowed the Court to hear and rule on pretrial motions, including those filed by the defendant [*Id.*]. Further, he noted the Court found the ends of justice served by granting the continuance outweighed the interests of the defendants and the public in a speedy trial [*Id.*].

The defendant now reasserts on appeal that his argument that his codefendants were using the continuance for purposes of working out plea deals rather than for a proper purpose under the Speedy Trial Act "appears to have been well-founded, as that is what is occurring" [Doc. 152]. Again, the defendant in no way attempts to demonstrate that the magistrate judge's findings on this issue were "clearly erroneous or contrary to law," and he seemingly reasserts the position he asserted before Magistrate Judge Shirley, who thoroughly addressed such. 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm the magistrate judge's memorandum and order as it relates to this issue.

7

## IV.    Conclusion

For the reasons stated herein, and because Court has reviewed Magistrate Judge Shirley's memorandum and order, the parties' arguments and briefs, and the relevant law and determines that the magistrate judge fully and correctly considered the issues presented by the defendant's appeal, the Court hereby **AFFIRMS**, to the extent stated herein, the Memorandum and Order of the magistrate judge [Doc. 146] and **DISMISSES** Charles Bozeman III's Appeal of Memorandum and Order [Doc. 152].

IT IS SO ORDERED.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE